# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GARY CARDILE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.05-0084-CV-W-NKL |
| ) | Crim. No. 03-0195-02-CR-W-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Pending before the Court is Petitioner Gary Cardile's ("Cardile") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons stated below, this motion will be denied.

On September 16, 2004, Cardile entered a plea of guilty to the charge of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. On December 16, 2004, Cardile was sentenced to 120 months' imprisonment, to be followed by five years of supervised release.

Cardile now argues that he is entitled to habeas relief because he did not have intent to distribute the methamphetamine and because his sentence was too strict under the Sentencing Guidelines. Because Cardile did not raise these arguments in a direct appeal, and because Cardile has not shown cause for failing to raise such arguments, they are barred. *See United States v. Ward*, 55 F.3d 412, 413 (8th Cir. 1995) ("a point not

1

properly preserved at trial or on direct appeal cannot be reached in a § 2255 proceeding unless the petitioner can show both cause for the [points] not having been previously raised and prejudice from the claimed legal error.") (citation omitted); *see also Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997) (same rule applies when petitioner has pleaded guilty).

In his Reply, Cardile also argues that his sentence is unconstitutional under the Supreme Court's holdings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). Those cases, taken together, stand for the proposition that defendants have a right to a jury trial on any disputed fact that increases the maximum punishment for the crime of conviction.

Even if Cardile could show that his sentence was improperly enhanced on the basis of judge-found facts, Cardile is not entitled to habeas relief on that ground, because the rule set forth in *Blakely* and *Booker* does not apply retroactively to cases on collateral review. Although the Eighth Circuit has not considered the issue, the circuits that have are in agreement that *Blakely* and *Booker* do not apply retroactively in habeas cases. *See Lloyd v. United States*, 407 F.3d 608, 614 (3rd Cir. 2005) ("Every federal court of appeals to have considered [the issue] . . . has held that *Booker* does not apply retroactively to cases on collateral review."); *see also Guzman v. United States*, 404 F.3d 139 at 143-44 (2nd Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *Humphress v. United States*, 398 F.3d 855,

2

857 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

Accordingly, it is

ORDERED that Cardile's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 1] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: July 11, 2005
Kansas City, Missouri